UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00193-JPH-MJD |
| | ) | |
| COLIN C. JOHNSON, | ) -10 | |
| | ) | |
| Defendant. | ) | |

**ENTRY AND ORDER FOR MENTAL EXAMINATION
PURSUANT TO 18 U.S.C. §§ 4241 AND 4247**

On May 20, 2025, Defendant Colin Johnson appeared before the undersigned with his appointed FCD counsel, William Dazey, Office of Indiana Federal Community Defender; the government appeared by Bradley Blackington, Assistant U.S. Attorney; and U.S. Parole and Probation appeared by Katherine Lindley U.S. Parole and Probation Officer, who participated in the proceedings. Counsel for Defendant filed a motion seeking a mental examination, pursuant to Title 18 U.S.C. § 4241(a) on the basis that, based upon counsel's interactions with Defendant Johnson, there is reasonable cause to believe that the Defendant may presently be suffering from a mental disease or defect, rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense. [Dkt. 1580.] During the hearing, counsel for the government orally joined in that motion.

Based upon the parties' representations, the Court finds that there is reasonable cause to believe that Defendant Colin Johnson may presently be suffering from a mental disease or defect,

rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. In order to make a determination at a hearing for that purpose, pursuant to Title 18, U.S.C. §§ 4241 and 4247, a psychiatric and/or psychological examination of Mr. Johnson shall be conducted and a psychiatric and/or psychological report shall be filed with the Court pursuant to the provisions of Title 18, U.S.C. § 4247(b) and relevant part of (c), to be considered by the Court, along with all other relevant and material evidence on the issue.

Therefore, the Court having carefully considered the issues now before the Court, finds that there is reasonable basis in fact to believe that the Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

**IT IS THEREFORE ORDERED:**

(1) The Defendant be committed to the custody of the U.S. Attorney General or his designee for transfer to a suitable facility for examination pursuant to Title 18 U.S.C. §§ 4241 and 4247. The facility designated by the Attorney General should be a facility where the Defendant's current medical condition can be evaluated and he can receive appropriate treatment if necessary.

(2) The examinations and evaluations shall be conducted by licensed and certified psychiatrists or clinical psychologists at the designated facility in regard to the determination of competency and medical practitioners in regard to the diagnosis and prognosis of the Defendant's current medical condition, if necessary and necessary treatment of any such conditions that may be found to exist. The examinations and

evaluations conducted in accordance with Title 18 U.S.C. §§ 4241 and 4247 shall be conducted to determine whether the Defendant is presently incompetent to understand the nature of the proceedings and charges against him and whether he can assist in his defense.

(3) The designated medical facility and the medical practitioners, pursuant to this order, are authorized to conduct all necessary physical and mental examinations and/or treatment of any physical or mental diseases or sicknesses which they may diagnose during the examinations, evaluations and testing necessary to comply with the orders of the Court.

(4) At the conclusion of the examinations, evaluation and treatment of the Defendant in accordance with this order, the psychiatrist and/or clinical psychologist shall make a report of his or her findings as provided by Title 18 U.S.C. § 4247(c)(1), (2), (3), (4)(A).

(5) The Court expressly notes that the order in this case is subject to the statutory requirement of 30 days under Section 4247(b) unless extended thereunder. In the event that the medical staff finds that the Defendant's current medical condition requires treatment before an examination and evaluation can be conducted pursuant to Title 18 U.S.C. §§ 4241 and 4247, the time for conducting and carrying out that examination and evaluation shall not begin until the medial staff has determined Mr. Williams' present physical condition is sufficiently stable to carry out a proper examination and evaluation pursuant to Title 18 U.S.C. §§ 4241 and 4247.

(6) At the conclusion of the proceedings described above, the Defendant shall be returned to the Southern District of Indiana for further proceedings.

(7) The U.S. Marshal shall provide the designated facility with a copy of this order. Counsel for Defendant and/or U.S. Parole and Probation may provide any other relevant information regarding the Defendant.

(8) The time period necessary to evaluate the Defendant's current physical and mental competency shall be excluded for Speedy Trial purposes. *See United States v. Crosby*, 713 F.2d 1066, 1079 (5th Cir.), *cert. denied*, 464 U.S. 1001, 104 S.Ct. 506, 78 L.Ed.2d 696 (1983).

(9) Additionally, any delay occasioned by the transportation, examination, diagnosis and treatment of the Defendant's current medical condition shall be excluded for Speedy Trial purposes pursuant to 18 U.S.C. § 3161(h)(1)(A) and 18 U.S.C. § 3161(h)(4).

SO ORDERED.

Dated:  21 MAY 2025

Mark J. Dinsmore  
United States Magistrate Judge  
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system