UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Cause No. | 1:21-cr-00193-JPH-MJD |
| | ) | | |
| COLIN JOHNSON, | ) | | - 01 |
| | ) | | |
| Defendant. | ) | | |

## **REPORT AND RECOMMENDATION**

On April 17, 2026, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on April 3, 2026.  Defendant Johnson appeared in person and by Federal Community Defenders counsel Gwendolyn Beitz.  The Government appeared by Assistant United States Attorney Bradley Blackington.  U.S. Probation appeared by Officer James Thomas.  .

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.      The Court advised Defendant Johnson of his rights and ensured he had a copy of the Petition.  Defendant Johnson waived his right to a preliminary hearing and probable cause found.

2.      After being placed under oath, Defendant Johnson admitted to violation number 1 in the Petition dated April 3, 2026.  Government orally moved to dismiss violations 2 through 4, which motion was granted by the Court such that those violations were dismissed.

3.      The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner "** |

On March 27, 2026, Mr. Johnson submitted a sample for urinalysis testing which returned positive for cocaine.

As previously reported to the Court, on February 26, 2026, Mr. Johnson submitted a urinalysis sample which returned positive for amphetamines and confirmed positive for methamphetamine. Mr. Johnson denied any illicit drug use.

4.    The Parties stipulated that:

(a)    The highest grade of violation is a Grade B violation.

(b)    Defendant's criminal history category is III.

(c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months of imprisonment.

5.    Counsel presented argument regarding proper disposition.    The Government requested that the Court place Officer Thomas under oath to present a history of the U.S. Probation Office's supervision of Defendant.  Officer Thomas was placed under oath, presented testimony, and was cross examined.  Government presented argument and asked that the Court impose the statutory maximum sentence of three years imprisonment with no federal supervision to follow. Defense counsel presented argument and asked that the Court release the Defendant, place him on ankle monitoring, and conduct a status hearing after May 1, 2026, so that Defendant could attend a specialist appointment he has scheduled.  Probation was heard.  Defendant was heard.

6.    For the reasons stated more fully on the record, the Court recommends a sentence of twelve months imprisonment with no federal supervised release to follow.  *See* Report and Recommendation to District Judge.

2

7.      The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a) to the extent deemed appropriate by 18 U.S.C. § 3583(e), and as more fully set forth on the record, finds that the Defendant violated the conditions as admitted in the Petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or designee for a period of twelve (12) months imprisonment with no supervised release to follow. Defendant Johnson requested and the Court recommends placement at a medical facility—specifically, **not** in Terre Haute, Indiana. The Court further recommends that Defendant receive substance abuse and mental health treatment while incarcerated. Additionally, if possible, the Court recommends that Defendant be seen by a medical specialist to address the underlying health issue regarding his stomach pain.

8.      Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation. The Parties are hereby notified that the District Judge may reconsider any matter referred to a Magistrate Judge. The Parties **did not waive** the fourteen-day period to object to the Report and Recommendation.


Date: 4/20/2026

*Kellie M. Barr*

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the Court's ECF system

3